IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                    )<br>)<br>MICHAEL A. BASKETTE,      )<br>)<br>)<br>)<br>) | Case No. 1:05-CR-00008 (TBR) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court by Michael Baskette's pro se motion for early termination of his term of supervised release, (Mot. for Termination), Dkt. 90. The Government has responded, (Resp.), Dkt. 92. For the reasons that follow, Baskette's Mot. for Termination, Dkt. 90, is **GRANTED**.

**I.      FACTUAL BACKGROUND**

Michael Baskette pleaded guilty to Conspiracy to Manufacture 50 grams or More of a Mixture Containing Methamphetamine (Count 1); Aiding and Abetting Possession with Intent to Distribute 250 Grams or More of Marijuana (Count 2); Aiding and Abetting Possession with Intent to Distribute 2.5 Grams or More of Methamphetamine (Count 3); Aiding and Abetting Possession with Intent to Distribute 5 or More grams of Methamphetamine (Counts 4 and 5); Aiding and Abetting Possession of 300 or More Grams of Pseudoephedrine with Intent to Manufacture Methamphetamine (Count 6); Aiding and Abetting Possession of Equipment, Chemicals and Materials to Manufacture Methamphetamine (Count 7). *See* Judgment, Dkt. 57. This Court sentenced Baskette to 204 months of imprisonment and eight years of supervised release. *See id.* On April 21, 2022, with approximately two years of supervised release yet to be

1

completed, Baskette filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e).

## II. DISCUSSION

Section 3583(e)(1) of Title 18, United States Code "is the general section instructing district courts on the parameters of supervised release." *United States v. Suber*, 75 Fed. App'x. 442, 443 (6th Cir. 2003). Section 3583(e) provides as follows:

> (e) Modification of conditions or revocation—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) (a)(6), and (a)(7)—
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *Suber*, 75 Fed. App'x. at 443–44. Additionally, "[t]he phrase 'interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United

States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

After carefully considering the statutory requirements, the Court determines that the factors discussed above support Baskette's request for early termination of supervised release. Baskette has been gainfully employed for the last five years and recently purchased a home in the community. *See id.* Although the Government objects to early termination based on Baskette's criminal history and history of issues while on probation (a DUI in 2017 and two positive drug screens for methamphetamine in early 2019), the Court notes that Baskette has since enrolled in and completed a drug aftercare counseling program. *See* Resp. at 2. Furthermore, Baskette's probation officer reports that he has provided negative drug screens since those incidents and is currently not receiving any additional services. The issues cited by the Government were nonviolent and occurred early on in Baskette's supervised release. Baskette has since remained compliant with all conditions of release. Given Baskette's

accomplishments and circumstances, and the fact that he does not pose a threat to the community, the Court concludes that Baskette will be successful without supervision. It is therefore appropriate to grant this motion for early termination of supervised release. Additionally, the Court commends Baskette on the progress he has made in addressing his substance abuse issues and in securing and maintaining employment.

### III. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Baskette's Mot. for Termination, Dkt. 90, is **GRANTED** and his supervised release is hereby **TERMINATED**.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 26, 2022

cc: U.S. Probation
AUSA
cc: Michael A. Baskette
187 Cottage Dr.
Scottsville, KY 42164
PRO SE

4